**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| DONNELL YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-00153 |
| ) | |
| MARTIN ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court in this employment discrimination suit are a motion for partial summary judgment (Docket # 18) and a motion to dismiss (Docket # 21) filed on September 22, 2008, by Defendant Martin Enterprises, Inc.[1] Also before the Court is a motion to dismiss (Docket # 24) filed on October 27, 2008, by *pro se* Plaintiff Donnell Young, seeking the voluntary dismissal of this action without prejudice.

Martin Enterprises responded to Young's motion to dismiss on November 12, 2008 (Docket # 26), but Young did not reply. As to Martin Enterprises's motion to dismiss, Young responded on November 26, 2008 (Docket # 27), but Martin Enterprises did not reply. Young never responded to Martin Enterprises's motion for partial summary judgment.

For the reasons discussed herein, Young's motion to dismiss will be DENIED, and Martin Enterprises's motion to dismiss and motion for partial summary judgment will both be GRANTED.

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Young, a black male, was hired by Martin Enterprises on July 18, 2007, and was terminated just three weeks later on August 8, 2007. (O'Boyle Aff. ¶ 2, Ex. 1.) Young then filed Charge No. 24D-2007-00429 with the Equal Employment Opportunity Commission (EEOC) on August 23, 2007, alleging that Martin Enterprises discriminated against him because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). (O'Boyle Aff. Ex. 1.) The EEOC issued a Dismissal and Notice of Rights to Young on March 21, 2008. (Compl. 4.)

On June 13, 2008, Young commenced this suit against Martin Enterprises, attaching to his complaint a copy of the March 21, 2008, Dismissal and Notice of Rights (referencing Charge No. 24D-2007-00429) issued by the EEOC. (Compl. 2, 4.) In his complaint, Young alleges that Martin Enterprises violated his rights under Title VII, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 701 *et seq*., placing checkmarks next to these three statutory references on the Court's form document. (Compl. 2.) In the section of the complaint where Young was asked to set forth specific facts that he believed supported his complaint, Young reported that Martin Enterprises had accused him of falsifying records, and he also referenced information pertaining to his doctor. (Compl. 3.) He mentioned that there were days that he "supposedly missed" and that he had two "no shows." (Compl. 3.) Young then reiterated his belief that Martin Enterprises had violated his rights under Title VII. (Compl. 3.)

On September 22, 2008, Martin Enterprises filed a motion for partial summary judgment (Docket # 18), asserting that Young's ADA claim collapses as a matter of law because he failed

to exhaust his administrative remedies and his claim is now time-barred under the applicable statute of limitations. (Def.'s Br. in Supp. of Its Mot. for Partial Summ. J. 2.) Young offers no counter-arguments, as he did not respond to the summary judgment motion. Also on September 22, 2008, Martin Enterprises filed a motion to dismiss (Docket # 24), seeking the dismissal of Young's claim under the Rehabilitation Act for failure to state a cognizable claim upon which relief may be granted. (Def.'s Mot. to Dismiss 2.)

On September 23, 2008, the Court entered a Notice and Order setting a deadline of October 27, 2008, for Young to file responses to Martin Enterprises's two motions. (Docket # 23 (citing *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982); *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992)).) Rather than filing responses to Martin Enterprises's motions, Young filed his own motion to dismiss on October 27, 2008, seeking the voluntary dismissal of this case without prejudice so that he can re-file it in state court. (Docket # 24.)

Three days later, the Court entered an Order explaining that because Martin Enterprises had already filed both an answer and a motion for summary judgment, any dismissal of Young's case now requires a court order and must be "on terms that the court considers proper." (Order, Oct. 30, 2008, at 1 (quoting Fed. R. Civ. P. 41(a)(2)).) The Court then granted the parties additional time to brief the pending motions. (Order, Oct. 30, 2008, at 2.)

On November 12, 2008, Martin Enterprises filed a response opposing Young's motion to dismiss, re-asserting its request that the Court dismiss Young's claim under the Rehabilitation Act with prejudice and enter summary judgment in its favor on the ADA claim. (Docket # 26.) On November 26, 2008, Young filed a two-page response to Martin Enterprises's motion to dismiss; however, he did not respond to any of Martin Enterprises's specific arguments and

3

instead merely reiterated his request for a dismissal of his suit without prejudice. (Docket # 27.) Martin Enterprises did not file a reply to Young's motion to dismiss.

## II. YOUNG'S MOTION TO DISMISS

Young's motion to dismiss is merely one-sentence long and simply requests that the Court dismiss his suit so that he can re-file it in state court. However, as the Court explained in its October 30, 2008, Order, Young cannot simply dismiss his case by filing a notice, as any dismissal now requires a court order.

### A. Legal Standard for a Voluntary Motion to Dismiss

Federal Rule of Civil Procedure 41(a) "preserve[s] the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). "To further this purpose, Rule 41(a)(2) provides that, after a defendant has filed an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss his case without prejudice, but only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Id.* (quoting Fed. R. Civ. P. 41(a)(2)); *Ratkovich v. Kline*, 951 F.2d 155, 158 (7th Cir. 1991) ("[A] district court may impose such terms and conditions as it believes necessary to protect the other parties from prejudice . . . ." (citation omitted)).

"Whether to grant a motion for voluntary dismissal is within the discretion of the trial court, but dismissal should be allowed unless the defendant will suffer plain legal prejudice." *H.H. v. Ind. Bd. of Special Educ. Appeals*, No. 3:06-CV-551-TS, 2008 WL 1776406, at *3 (N.D. Ind. Apr. 11, 2008) (citing *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971)). The Seventh Circuit Court of Appeals has delineated several factors that a district court may wish to consider

in determining whether a defendant has suffered legal prejudice. *Ratkovich*, 951 F.2d at 158. "These factors include the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal and the fact that a motion for summary judgment has been filed by the defendant." *Id.* (citation and internal quotation marks omitted); *H.H.*, 2008 WL 1776406, at *3 (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)).

*B. Discussion*

When analyzing the applicable factors suggested by the Seventh Circuit Court of Appeals with respect to a voluntary motion to dismiss, it is clear that Young's motion must be denied.

To explain, prior to Young filing his motion to dismiss, Martin Enterprises filed its own motion to dismiss and a motion for partial summary judgment. Thus, Martin Enterprises has already expended considerable effort and expense on advancing the current motions.

Furthermore, the only explanation that Young provides for wanting to dismiss this case is so that he can re-file it in state court. However, Martin Enterprises has stated that if Young did re-file the suit in state court, it would simply remove the case back to federal court, 28 U.S.C. § 1441, given the federal question at issue in Young's case. (Def.'s Resp. in Opp'n to Pl.'s Mot. to Dismiss ¶ 6.) Therefore, considerable time, effort, and expense would be expended only to have the case ultimately end up right back in federal court.

Moreover, allowing Young to voluntarily dismiss this case so that he can re-file it in state court would disadvantage him, as it would arm Martin Enterprises with a statute of limitations defense because "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)

5

(collecting cases). Thus, dismissing this case without prejudice would harm not only Martin Enterprises, but also Young.

Consequently, for the foregoing reasons, Young's motion to dismiss will be DENIED.

### III. MARTIN ENTERPRISES'S MOTION TO DISMISS YOUNG'S CLAIM UNDER THE REHABILITATION ACT

In its motion to dismiss, Martin Enterprises attacks Young's claim under the Rehabilitation Act, asserting that it fails to state a cognizable claim upon which relief may be granted.

*A. Legal Standard for a Motion to Dismiss*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In determining the propriety of dismissal under Rule 12(b)(6), all well-pleaded facts are accepted as true and are construed in favor of the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), "[t]he factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face." *Keten v. State Farm Fire & Cas. Co.*, No. 2:06-CV-341, 2008 WL 4449545, at *2 (N.D. Ind. Sept. 29, 2008) (citing *Killingsworth*, 507 F.3d at 618); *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). That is, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne

*Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

### B. Discussion

Section 501 of the Rehabilitation Act prohibits disability discrimination by the federal government. *See* 29 U.S.C. § 791. Section 503 requires affirmative action and prohibits disability discrimination by federal contractors with contracts of more than $10,000. *See* 29 U.S.C. § 793(a). And Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

Young makes no contention in his complaint that Martin Enterprises is a branch of the federal government, a federal contractor or subcontractor, or that it receives federal financial assistance. *See, e.g.*, *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997) (dismissing a Section 504 action for failure to state a claim because plaintiff did not allege in his complaint that defendant was a recipient of federal funds). Likewise, Young never asserts in his complaint that he is a qualified individual with a disability. As explained *supra*, to survive a motion to dismiss under Rule 12(b)(6), the factual allegations of the complaint must "contain enough facts to state a claim to relief that is plausible on its face" and not simply advance labels and conclusions. *Keten*, 2008 WL 4449545, at *2 (citing *Killingsworth*, 507 F.3d at 618); *see Bell Atlantic*, 127 S. Ct. at 1974; *Concentra Health Servs.,* 496 F.3d at 776; *Rosenbaum v. Seybold*, No. 1:06-CV-352-TS, 2008 WL 2518697, at *1 (N.D. Ind. June 20, 2008). Here, Young has failed to plead sufficient facts to assert a plausible claim for relief under the

Rehabilitation Act.[2]

Furthermore, any claim asserted by Young under Section 503 is doomed as a matter of law because in the Seventh Circuit, Section 503 does not create a private right of action. *See LaBouve v. Boeing Co.*, 387 F. Supp. 2d 845, 854 (N.D. Ill. 2005) (citing *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1478 (7th Cir. 1985)); *Ernst v. Ind. Bell Tel. Co.*, 717 F.2d 1036, 1037 (7th Cir. 1983); *Simpson v. Reynolds Metals Co.*, 629 F.2d 1226, 1242 (7th Cir. 1980). And, to prevail on a Section 504 claim, a plaintiff must establish that he was discriminated against "*solely* by reason of [his] . . . disability". *Grzan*, 104 F.3d at 121 (emphasis added). Here, in addition to checking the box for a claim under the Rehabilitation Act, Young checked the box for Title VII and attached the Dismissal and Notice of Rights referencing the race discrimination charge he filed with the EEOC. This rings the death knell for any Section 504 claim, as under Section 504 "the discrimination must come from the handicap and from the handicap alone." *Id.*

Consequently, Martin Enterprises's motion to dismiss Young's claim under the Rehabilitation Act with prejudice will be GRANTED.

### IV. MARTIN ENTERPRISES'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON YOUNG'S ADA CLAIM

Finally, in its motion for partial summary judgment, Martin Enterprises challenges

---

[2] In fact, Young did not specifically address any of Martin Enterprises's arguments in his two-page response brief, and thus can be viewed to have abandoned his claims. *See generally Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 n.2 (7th Cir. 1996) (concluding that plaintiff had abandoned claim after failing to respond to defendant's arguments concerning such claim in its motion for summary judgment); *Eglen v. Am. Oneline, Inc.*, No. TH00-0135-C-M-H, 2001 WL 1028851, at *3 (S.D. Ind. June 19, 2001) (holding that plaintiffs had abandoned certain claims when they failed to address them in their response to a motion to dismiss). Nonetheless, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *See generally Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (citation omitted).

8

Young's claim under the ADA, asserting that it fails as a matter of law because Young failed to exhaust his administrative remedies and because it is time-barred.

### A. *Legal Standard for Motion for Summary Judgment*

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). When ruling on a motion for summary judgment, a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770. A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true," as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771.

### B. *Discussion*[3]

In Indiana, a charge of disability discrimination under the employment provisions of the ADA must be filed within 300 days of the purported violation. *See* 42 U.S.C. § 12117(a); 42

---

[3] For summary judgment purposes, the facts are considered in the light most favorable to Young, the nonmoving party. *Payne*, 337 F.3d at 770. Insofar as Young does not controvert the facts asserted by Martin Enterprises in its "Statement of Material Facts," those facts "are admitted to exist without controversy" as set forth below. *See* N.D. Ind. R. 56.1.

U.S.C. § 2000e-5(e); *Doe v. R.R. Donnelly & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994). "[T]he statute of limitations begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Berning v. Gen. Motors Corp.*, Nos. 1:06cv87, 1:06cv347, 2007 WL 3228091, at *6 (N.D. Ind. Oct. 29, 2007) (internal quotation marks and citation omitted); *see also Scott v. Bally Total Fitness Corp.*, No. 95 C 7458, 1997 WL 159242, at *3 (N.D. Ill. Mar. 26, 1997).

Here, Young was terminated on August 7, 2007. Therefore, he had to file his ADA charge with the EEOC no later than June 2, 2008 – that is, 300 days after his termination date. However, the only Charge that Young filed with the EEOC during the relevant period indicated that he was solely pursuing a race discrimination claim under Title VII, never mentioning the ADA or a claim that he was disabled. More specifically, Young's August 23, 2007, Charge, which had only the race discrimination box checked, stated:

> I, Donnell Young, am a qualified black employee who was employed with Martin International from July of 2007, until I was terminated on August 8, 2007. During my employment, I was treated differently than white employees. White employees were often given assignments when the company would send me home because they didn't have enough work. Around August 1, 2007, I was placed on a "secret probation" by Mark O'Boyle. On August 2, 2007, I was injured when a truck I was working on caught on fire. The employer then terminated me. I believe that if I was a white employee I would not have been put on probation and subsequently terminated.
>
> Therefore, I believe that I have been discriminated against on the basis of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended and Fort Wayne City Ordinance G-21-78, as amended.

(O'Boyle Aff. Ex. 1.)

Of course, "[a] plaintiff may pursue a claim not explicitly included in an EEOC complaint . . . if [his] allegations fall within the scope of the charges contained in the EEOC

10

complaint." *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (citations omitted). Consequently, Young's statement that he was injured in a fire does give this Court pause.

Yet, Young concluded his Charge by affirming his belief that he was discriminated against on the basis of his race, never suggesting that he became disabled from the injuries he sustained in the fire or that he was advancing a claim under the ADA. Furthermore, the specific factual allegations Young articulated in his complaint – that Martin Enterprises said he falsified records and missed several days of work – do not reasonably relate to the facts advanced in his EEOC charge, which allege that he was sent home more often than white employees because Martin Enterprises did not have enough work. *See id.* (explaining that in determining whether the complaint allegations fall within the scope of an earlier EEOC charge, courts examine whether the allegations are "like and reasonably related to" those set forth in the charge).

And, regardless, Young never filed a response to Martin Enterprises's motion for partial summary judgment. Thus, Young is deemed to have abandoned his ADA claim. *Bombard*, 92 F.3d at 562 n.2; *see generally Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (emphasizing that summary judgment "is the 'put up or shut up' moment in the lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events" (citations omitted)); *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) ("The fact that [the plaintiff] was proceeding *pro se* does not excuse [his] failure to comply with procedural rules.").

Therefore, Martin Enterprises's motion for partial summary judgment as to Young's ADA claim will be GRANTED.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's motion to dismiss (Docket # 24) is DENIED. Defendant's motion to dismiss (Docket # 21) is GRANTED, and Plaintiff's claim under the Rehabilitation Act is DISMISSED WITH PREJUDICE. Defendant's motion for partial summary judgment (Docket # 18) is also GRANTED, and Plaintiff's claim under the ADA is DISMISSED WITH PREJUDICE.

This matter is now set for a further scheduling conference for January 14, 2009, at 9:00 a.m.

SO ORDERED.

Enter for this 22nd day of December, 2008.

                                                              S/Roger B. Cosbey
                                                              Roger B. Cosbey
                                                              United States Magistrate Judge