# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **DONNELL YOUNG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-CV-153 |
| | ) |
| **MARTIN ENTERPRISES,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is an "Objection to a Ruling or Order" (Docket # 29) filed by *pro se* Plaintiff Donnell Young, and viewed liberally, it is deemed to be a motion to reconsider this Court's Opinion and Order dated December 22, 2008 (the "Order") (Docket # 28).[1] In the Order, the Court denied Plaintiff's request to dismiss his case without prejudice and granted Defendant's motion to dismiss Plaintiff's claim under the Rehabilitation Act with prejudice and its motion for partial summary judgment on Plaintiff's ADA claim. (Order at 12.)

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse*

---

[1] Young also requested in his motion that the Court appoint him counsel. The Court has taken his request for counsel under advisement and has issued him a questionnaire to complete and file. (*See* Docket # 30.)

*Nationale*, 90 F.3d at 1269-70. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

In his motion, Young for the most part merely rehashes his prior request – that is, that he wants this case dismissed without prejudice so that he can refile it in state court. He also complains that he did not receive Defendant's motion for partial summary judgment until after the deadline for his reply to his motion to dismiss; however, he fails to explain how this is significant with respect to the outcome of the Order. In addition, Young contends that he does not understand how Defendant's motion to dismiss can be granted when Defendant "did not respond to the motion that was filed by the Plaintiff Donnell Young." (Objection to a Ruling or Order 2.) This point by Young is particularly unconvincing, since on November 12, 2008, Defendant *did* file a response to Young's motion to dismiss. (*See* Docket # 26.)

In short, Young's arguments in support of his request were unpersuasive the first time, and they fare no better now. We find that no "manifest error of law or fact" was committed in denying his request for a voluntary dismissal of this case without prejudice and in granting Defendant's motion to dismiss Plaintiff's claim under the Rehabilitation Act with prejudice and in granting its motion for partial summary judgment on his ADA claim.

For the foregoing reasons, Plaintiff's "Objection to a Ruling or Order", which the Court deems to be a motion to reconsider (Docket # 29), is OVERRULED and DENIED.

SO ORDERED. Enter for this 14th day of January, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge